IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY WERBER, ) | CASE NO. 1:11CV400 |
| ) | |
| Petitioner, ) | JUDGE POLSTER |
| ) | MAGISTRATE JUDGE BURKE |
| v. ) | |
| ) | |
| ACTING WARDEN, TIM MILLIGAN ) | |
| AND/OR JASON BUNTING FOR, ) | |
| FORMER WARDEN MAGGIE ) | |
| BEIGHTLER ) | **Memorandum Opinion and Order** |
| ) | (Re: Doc. Nos. 38 and 39) |
| Respondent. ) | |

Before the Court are the following two motions filed by Petitioner Gregory Werber ("Petitioner"): (1) "Motion for Leave to Conduct Limited Discovery; with Proposed Interrogatories and Requests for Admissions, Pursuant to 28 U.S.C. § 2254, Rule 6" (Doc. 38); and (2) "Motion for an Evidentiary Hearing Pursuant to 28 U.S.C. § 2254(d)(2), (e)(1), (f), (g), and Rules 7 and 8" (Doc. 39). For the following reasons, the Court DENIES Petitioner's motion to conduct discovery and DENIES Petitioner's motion for evidentiary hearing.

**I.     Motion to Conduct Discovery**

Petitioner seeks to conduct broad discovery on the following topics: (1) discovery regarding purported transcript fraud committed by the state court (Doc. 38, pp. 3-4); discovery regarding the State's failure to file a complete record of the state court proceedings, including trial transcripts and exhibits, specifically State's trial exhibits 42- 43 and Defendant's trial exhibit A (Doc. 38, pp. 5-6); discovery regarding a confidential informant (Doc. 38, pp. 7-9); discovery regarding a purported audio-video recording that was allegedly suppressed by law enforcement officers (Doc. 38, p. 9); discovery regarding a letter purportedly written by a co-defendant (Doc. 38, pp. 10-13); and discovery regarding the state trial court's transmittal of

1

exhibits to the jury room (Doc. 38, pp. 13-19). Petitioner argues that he is entitled to conduct this discovery under Rule 6 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 ("Habeas Rules").

Petitioner's Motion to Conduct Discovery is moot in part.[1] To the extent it is not moot, it is denied. The Supreme Court recently emphasized the limited nature of review under Section 2254(d)(1) in *Cullen v. Pinholster*, __ U.S. __ 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011). The Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" and that "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Pinholster,* 131 S.Ct. at 1398, 1400. The Court reasoned that the "backward-looking language" of Section 2254(d)(1) "requires an examination of the state-court decision at the time it was made" and that therefore the record under review must be "limited to the record in existence at that same time i.e., the record before the state court." *Id.* at 1398. Otherwise, the Court observed, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id*. at 1399.

The Sixth Circuit has yet to address *Pinholster* in detail. In *Bray v. Andrews,* however, the Sixth Circuit stated without further elaboration that, "[o]ur review is, as the Supreme Court recently made clear, 'limited to the record that was before the state court.'" *Bray,* No. 09–4151, 2011 WL 1544740, at *4 (6th Cir. Apr. 26, 2011) (quoting *Pinholster,* 131 S.Ct. at 1398). The Sixth Circuit noted that, "[i]f Bray is to 'overcome the limitation of § 2254(d)(1),' she must do so 'on the record that was before the state court.'" *Id.* (quoting *Pinholster,* 131 S.Ct. at 1400).

---

[1] The Court ordered Respondent to file all of the transcripts from the state court proceedings and Trial Exhibits 42-43, and A in an Order dated September 29, 2011. Doc. 40. On October 20, 2011, and November 2, 2011, Respondent filed all of the trial transcripts. Doc. Nos. 44, 46. And, on December 12, 2011, Respondent filed Trial Exhibits 42-43, and A. Doc. 50. Thus, to the extent that Petitioner's motion seeks to conduct discovery regarding the filing of the transcripts and/or Trial Exhibits 42-43, and A, the motion is moot.

2

Many courts have broadly and strictly applied *Pinholster* to preclude discovery of new evidence for the purpose of ruling on claims that were adjudicated on the merits by a state court. *See, e.g.*, *Coddington v. Cullen,* No. CIV S-01-1290, 2011 U.S. Dist. LEXIS 57442, 2011 WL 2118855, at *1 (E.D. Cal. May 27, 2011). As explained by the Middle District of North Carolina:

> [A]ny new evidence unearthed during discovery in federal court and 'later introduced in federal court is irrelevant to § 2254(d)(1) [and (2)] review.' In other words, if the state trial court adjudicated . . . Petitioner's [claim] on the merits, such that Petitioner must satisfy the terms of § 2254(d), "good cause" does not exist for the discovery Petitioner seeks . . . because this Court may look only to the state court record in applying § 2254(d).

*Hurst v. Branker*, No. 1:10 CV 725, 2011 U.S. Dist. LEXIS 58910, 2011 WL 2149470, at a8 (M.D.N.C. June 1, 2011) (quoting *Pinholster*, 131 S. Ct. at 1400)).

Additionally, this Court recently addressed the impact of *Pinholster* on discovery and determined that review of claims under § 2254 that were adjudicated on the merits are "limited to the state-court record, and other evidence has no bearing on the Court's review." *Williams v. Mitchell*, 1:09 CV 2246, 2011 U.S. Dist. LEXIS 108493, 2011 WL 4457788, at *2 (N.D. Ohio Sept. 23, 2011). The Court found that "allowing further factual development would be futile since the Court could not consider the information obtained in further discovery or an evidentiary hearing in resolving [the petitioner's claim]." *Id.*

Petitioner has asserted thirteen grounds for relief in his petition for writ of habeas corpus. Doc. 1. In his Traverse, Petitioner argues that he properly raised all of his claims in the state courts and that all of his claims were adjudicated on the merits by those courts. Doc. 35, pp. 27-33. Thus, under the clear language of *Pinholster*, this Court's review of Petitioner's claims is limited to the record that was before the state courts. *Pinholster*, 131 S. Ct. at 1398. Allowing further factual development would be futile because the Court could not consider any of the

3

newly discovered evidence on review. *Williams*, 2011 WL 4457788, at *2. Thus, Petitioner's motion to conduct discovery is DENIED.

## II. Motion for Evidentiary Hearing

In his motion for evidentiary hearing (Doc. 39), Petitioner asserts that the facts supporting each of his thirteen grounds for relief are contained in the state court record. Doc. 39, *passim*. However, Petitioner argues that an evidentiary hearing is necessary because it will permit him to authenticate and admit into evidence transcripts he has previously filed in this case, will permit him to explore the circumstances surrounding the State's failure to file a complete record, and will allow him to bolster the arguments he previously has made in support of each of the 13 grounds stated in his petition. Doc. 39, p. 2.[2]

Extended discussion of Petitioner's arguments is not necessary. Petitioner's claims that he needs to authenticate the transcripts he filed and to explore the State's failure to file a complete record are moot for the reasons stated in note 1 above. As set forth in the previous section, under *Pinholster,* the Court's review under § 2254(d) is confined to the record before the state courts. Thus, to the extent that Petitioner seeks a hearing to bolster the arguments he has already made by developing new evidence for the Court to consider, such a hearing would be futile because, under *Pinholster*, the Court may not consider any newly developed evidence. Accordingly, Petitioner's motion for evidentiary hearing is DENIED.

---

[2] Petitioner filed a 102-page Traverse on August 4, 2011. Doc. 35.

## III. Conclusion

For the foregoing reasons, Petitioner's motion to conduct discovery (Doc. 38) and Petitioner's motion for evidentiary hearing (Doc. 39) are DENIED.

IT IS SO ORDERED.

Dated: December 15, 2011

/s/ Kathleen B. Burke
Kathleen B. Burke
United States Magistrate Judge