IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREGORY WERBER,                      )        CASE NO. 1:11CV400
                                     )
              Petitioner,            )        JUDGE DAN A. POLSTER
                                     )
       v.                            )        MAGISTRATE JUDGE
                                     )        KATHLEEN B. BURKE
ACTING WARDEN, TIM MILLIGAN          )
AND/OR JASON BUNTING FOR,            )
FORMER WARDEN MAGGIE                 )
BEIGHTLER,                           )
                                     )        **REPORT AND RECOMMENDATION**
              Respondent.            )

Petitioner, Gregory Werber ("Werber"), filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 on February 24, 2011.  Doc. 1.  Werber challenges the

constitutionality of his conviction and sentence in *State v. Werber*, Case No. CR-07-501932-B

(Cuyahoga County 2007).  Werber was convicted of drug trafficking, drug possession, and

possession of criminal tools.  He was sentenced to a total of nine years in prison.

This matter has been referred to the undersigned Magistrate Judge for a Report and

Recommendation pursuant to Local Rule 72.2.  For the reasons set forth below, Werber's

petition should be DENIED.

Werber has also filed a motion captioned "Motion for Leave to Conduct Limited

Discovery and For an Evidentiary Hearing Pursuant to 28 U.S.C. § 2254(e)(2) and *Williams v.*

*Taylor*, 529 U.S. 420 (2000)."  Doc. 59.  For the reasons set forth below, that motion is hereby

DENIED.

## I.  Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

of a state court, the state court's factual findings are presumed correct.  The petitioner has the

burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1);

*see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009).

The Ohio Eighth District Court of Appeals summarized the facts underlying Werber's conviction

as follows: [1]

> **[\*P6]** The following facts were elicited at a hearing on Werber's motion to suppress. Special Agent Kirk Johns and his partner, Special Agent Mike Gardner, had been working on a drug investigation; they had been using a confidential informant ("CI"), who had been communicating with the target of the investigation, codefendant Martin Baxter. During the investigation, the CI and Baxter had arranged for Baxter to sell the CI a large amount of marijuana that Baxter would bring into Cleveland from another location; the police did not know the specifics of the arrangement. In making the arrangements for the sale, Baxter used the word "we" when referring to the people who would be bringing the marijuana into Cleveland.

> **[\*P7]** On the date of the incident, September 29, 2007, the CI and Baxter talked and agreed to consummate the deal in a hotel parking lot behind a restaurant in Brooklyn, Ohio. After the conversation, the CI drove to pick up Baxter. Upon arriving at the parking lot where the transaction was to take place, Baxter and the CI saw a police car on the lot (which was not there related to this incident) and drove around the lot waiting for it to leave. While they were driving around, the CI noted that Baxter showed interest in a Dodge Durango that was parked in the parking lot. Baxter told the CI that he needed more time for the police to leave the area before the transaction could be completed.

> **[\*P8]** The CI then dropped Baxter off, and Baxter went into the nearby restaurant, where he stayed for approximately ten to 15 minutes. Upon leaving the restaurant, Baxter met Werber outside of another nearby restaurant. Detective Christopher Frey, of the Brooklyn Police Department and a member of the surveillance team, saw Baxter and Werber talk to each other and then get into a Chevy Impala, with Werber driving and Baxter in the passenger seat.

> **[\*P9]** Detective Frey followed the Impala, but Werber was driving it in a manner described by the police as "typical counter-surveillance." [2]  The surveillance of the Impala was stopped, and the police then focused on the Durango that was still in

---

[1] The historical facts are taken from the decision in Werber's second appeal to the Ohio Eighth District Court of Appeals, Case No. 93716, 2010 WL 3910609 (Oct. 7, 2010) ("*Werber II*").

[2] "For example, last minute lane changes, falsely signaling, and increasing then decreasing speed."  Doc. 32, Exhibit 66, Judgment Entry, Tr. 684 (footnote in original as footnote 2).

the parking lot. Meanwhile, the CI and Baxter were communicating over the phone in an attempt to complete the drug transaction. During one of these recorded conversations, Baxter told the CI that he was getting a storage unit and the deal could be completed at the unit.

[*P10] Shortly after that conversation, Werber and Baxter (with Werber driving) returned in the Impala to the parking lot where the Durango was still parked. The CI and Baxter spoke again and agreed to complete the sale at the storage unit. Baxter then got out of the Impala, got into the Durango, and both cars drove away. As the defendants were driving the cars in the direction of the storage unit facility, the police saw large boxes in the Durango. Under orders from Agent Johns, a felony stop of both vehicles was made.

[*P11] Upon approaching Werber's vehicle, the police told him why he was under arrest and read him his *Miranda* rights. After being advised of his rights, Werber wanted to speak with the police. Special Agent Johns testified that Werber "understood his rights. He wanted to cooperate with us. I mean, from the beginning he was very cooperative and—the only thing he would not talk about is where the drugs came from in Detroit. Other than that, he admitted that the $6,000 in his pocket was to be paid to Baxter for coordinating this drug deal." Two hundred seventy pounds of marijuana were recovered from the Durango that Baxter was driving.

[*P12] Werber testified to the following at the suppression hearing. He was driving his car, when he was suddenly surrounded by police cars and ordered out of the car. He testified that the officers got out of their cars aggressively, yelling, screaming, and with their guns drawn. According to Werber, the police commands were contradictory (some were commanding him to put his hands on the steering, others were commanding him to turn off the car, and yet others were commanding that he hold up his hands), so he "held [his] hands up in utter fear, and [ ] actually defecated * * *[,]" before being pulled out of the car at gunpoint. He denied ever being advised of, or waiving, his *Miranda* rights.

[*P13] When questioned on cross-examination about what he told Agents Johns and Gardner, Werber responded, "[w]ell, I can say this: From what I've seen of the statements purported to me, those are not my statements." He refused to testify to what his statements were that he claimed he was coerced into making. He testified that he told the police he wanted a lawyer. Werber admitted that he had been incarcerated in an Arizona prison with Baxter.

[*P14] The following additional facts were elicited at trial. Special Agent Johns testified that phone calls were recorded between Baxter and the CI and that the agreement between the two was that Baxter was going to sell the CI 290 pounds of marijuana for approximately $200,000. During the conversations, Baxter referenced a partner with whom he would be working and indicated that a Chevrolet vehicle would also be used in the transaction. The marijuana,

3

approximately 270 pounds, which was recovered from the Durango, was packaged in 18 individually shrink-wrapped bundles and placed into large moving boxes with packing peanuts.

[*P15] At the time of his arrest, Werber had two California drivers licenses—one in the name of Gregory Werber and the other in the name of "Leon Hawkins." Special Agent Johns testified that Werber agreed to talk to the police because he wanted to stay out of jail and return to California. In sum, Werber told the police that he flew into Detroit, met Baxter there, and the two drove to Cleveland in the Durango to sell the marijuana. Werber had $6,000 cash, which he told the police he was going to pay to Baxter as part of the deal.

[*P16] Carol Anderson, an employee at the storage unit facility where the transaction was to have occurred, testified as to her interaction with appellant, whom she knew as "Leon Hawkins." She testified that on the day of the incident Werber and Baxter came to the business and she showed them storage units. Werber paid for two storage units in cash and provided Anderson his "Leon Hawkins" driver's license. Anderson testified that she mainly dealt with Werber in renting the units.

[*P17] Anderson further testified that very shortly after Baxter and Werber rented the units, she saw them being arrested on the side of the road. She approached the police and Werber and provided documentation showing that Werber rented storage units using the name "Leon Hawkins." Anderson testified that Werber and the police were "talking," and she did not observe any yelling or other confrontational behavior.

[*P18] Keys to a storage unit were found on Werber's person. A bank statement that showed Werber purchased an airline ticket on September 4, 2007 was also recovered. The investigation further revealed that Werber had rented both the Chevrolet Impala and the Dodge Durango under his name, but listed Baxter as an additional driver on the Durango. The Durango was rented in Michigan, on the morning of the same day the transaction was finalized and was supposed to have occurred. A search of the Impala revealed the following: (1) an unused moving box, similar to the ones where the drugs had been found in the Durango; (2) a kit with latex gloves, packing tape, sharpie markers, a utility knife, a bag of packing peanuts, a roll of unused shrink wrap, and rolls of bubble wrap; (3) a Howard Johnson's hotel room key, similar to one that had been recovered from Baxter; (4) an address book with a Massachusetts address for "Martin Baxter"; and (5) three cell phones.

[*P19] Baxter requested an attorney upon his arrest and was not questioned. The following was recovered from him or the Durango: (1) approximately $1,000; (2) a Massachusetts driver's license; (3) a Howard Johnson's hotel key; and (4) two cell phones.

Doc. 32, Exhibit 66, Judgment Entry, Tr. 683-88.[3]

## II.  Procedural Background

### A.    State Conviction

Werber and his co-defendant, Martin Baxter, were indicted by the September, 2007 Term of the Cuyahoga County, Ohio, Grand Jury on one count of Drug Trafficking in violation of Ohio Rev. Code § 2925.03(A)(2), one count of Possession of Drugs in violation of Ohio Rev. Code § 2925.11(A), and one count of Possessing Criminal Tools in violation of Ohio Rev. Code § 2923.24(A).  Doc. 32, Exhibit 1, Indictment.  Each count contained four identical forfeiture specifications.  *Id.*  Two of the specifications applied only to Werber; one specification applied only to Baxter; and one specification applied to both defendants.  *Id.*  The two specifications relating to Werber alleged that he was the owner and/or possessor of $6,080 in U .S. currency and a laptop computer used or intended to be used for drug trafficking.  *Id.*  The specification pertaining to Baxter alleged that he was the owner and/or possessor of $1,080 in U.S. currency used or intended to be used for drug trafficking.  *Id.*  The specification that related to both Werber and Baxter alleged that they owned and/or possessed cell phones used or intended to be used for drug trafficking.  *Id.*  Werber pled not guilty to the charges in the indictment. Doc. 32, Exhibit 2, Journal Entry.

Prior to a jury trial, Werber and his co-defendant entered into a plea agreement wherein the State agreed to amend the degree of the felony in count 1 from a second degree to a third degree felony; Werber and his co-defendant agreed to plead guilty to amended count 1 with the

---

[3] Werber asserts in his Traverse that the factual background set forth by the Ohio Court of Appeals is erroneous and he offers a counter-statement of facts.  Doc. 35, pp. 21-26.  Werber's counter-statement of facts is very similar to the historical facts set forth by the Ohio Court of Appeals.  However, he challenges several specific factual findings made by the appellate court.  Those challenges will be addressed in the Law & Analysis section of this Report and Recommendation, as necessary and appropriate.

forfeiture specification; and the State agreed to dismiss (nolle prosequi[4]) counts 2 and 3.  Doc. 32, Exhibit 3, Journal Entry.  Based on the plea agreement, Werber withdrew his plea of not guilty and entered a plea of guilty to amended count 1, drug trafficking, in an amount equal to or exceeding 5,000 grams but less than 20,000 grams, a third degree felony.  Doc. 32, Exhibit 3, Journal Entry.  Counts 2 and 3 of the indictment were nolled.  *Id.*  On November 29, 2007, the trial court accepted Werber's plea, found him guilty, and sentenced him to five years incarceration and three years of post-release control supervision.  *Id.*

**B.      Direct Appeal – *Werber I***

On January 9, 2008, Werber, *pro se*, filed a notice of appeal and motion for leave to file a delayed appeal of his conviction in the Eighth District Court of Appeals, Cuyahoga County, Ohio.  Doc. 32, Exhibits 4 & 5.  On March 3, 2008, the Ohio Court of Appeals *sua sponte* dismissed the appeal for failure to file the record.  Doc. 32, Exhibit 6.  On March 13, 2008, Werber filed a motion for reconsideration of the *sua sponte* dismissal, stating that he had attempted to file the record and his request was still pending.  Doc. 32, Exhibit 7.  The Ohio Court of Appeals granted reconsideration and, on March 24, 2008, Werber filed his brief and presented the following assignments of error:

1. Werber's guilty plea was unknowing, involuntary, and invalid because it involuntarily and unknowingly forfeited Werber's $6,080.00.

---

[4]  A nolle prosequi is defined as:

[A] formal entry upon the record, by the plaintiff in a civil suit . . . or the prosecuting officer in a criminal action . . . by which he declares that he 'will no further prosecute' the case, either as to some of the counts, or some of the defendants, or altogether.

*State v. Crial*, No. 1593, 1987 WL 17927, at *2 (Ohio App. 9th Dist. 1987) (quoting Black's Law Dictionary (4 Ed. Rev. 1968) 1198).  Under Ohio law, when a nolle prosequi is entered before a jury is sworn, a defendant has not been placed in jeopardy, and another prosecution for the same offense is permissible.  *State v. Johnson*, 68 Ohio App. 3d 272, 277 (Ohio App. 9th Dist. 1990).

2.  The forfeiture by journal entry of Werber's $6,080.00 was an invalid forfeiture without a hearing in open court, and without following required forfeiture procedures.

3.  Werber's sentence to a court ordered mandatory three year term of post-release control is unauthorized and contrary to law.

Doc. 32, Exhibit 8, Brief of Appellant.  The basis for Werber's first two assignments of errors was that the trial court, during the plea proceedings, did not advise Werber of the $6,080 forfeiture, only of the $1,080.  On June 6, 2008, the State filed its brief, and on June 27, 2008, Werber filed a reply brief.  Doc. 32, Exhibits 9 & 10.  In a Journal Entry and Opinion issued on December 11, 2008 and journalized on December 22, 2008, the Ohio Court of Appeals sustained Werber's first and third assignments of error, finding that Werber did not understand the consequences of his plea because the trial court erroneously advised Werber that he would forfeit $1,080, not $6,080.  The Ohio Court of Appeals therefore reversed Werber's conviction and sentence and remanded the case back to the trial court.  Doc. 32, Exhibit 11.

**C.     Jury Trial After Remand**

After remand, on February 6, 2009, the trial court held a hearing on the Ohio Court of Appeals' order and vacated Werber's guilty plea.  Doc. 32, Exhibit 21, Journal Entry.  At that same hearing, Werber requested he be allowed to waive his right to counsel and represent himself at trial pro se.  Doc. 44, Trial Tr. Vol. 2, p. 35.  The trial court then held a competency hearing to determine if Werber was competent to represent himself at trial.  Doc. 44, Trial Tr. Vol. 2, p. 35.  During the hearing, the trial court read the three counts in the original indictment in open court and asked Werber if he understood the nature of each of the charges, thereby reinstating the counts.  Doc. 44, Trial Tr. Vo. 2, pp. 39-42.  Werber responded that he understood the nature of each count.  Doc. 44, Trial Tr. Vo. 2, pp. 39-42.  The trial court accepted Werber's

waiver of the right to be represented by counsel and granted his request to represent himself in the proceedings.  *Id.*

Prior to trial, Weber filed numerous motions with the court.[5]  Doc. 32, Exhibits 12-53. The case proceeded to a jury trial on July 9, 2009.  Doc. 44, Trial Tr. Vol. 3, Exhibit 83.  On July 20, 2009, the jury found Werber guilty of all three charges contained in the original indictment, as well as the forfeiture specifications.  Doc. 32, Exhibit 57.  At the sentencing hearing on July 23, 2009, the trial court merged counts 1 and 2, drug trafficking and drug possession, respectively, and sentenced Werber to eight years imprisonment on count 1.  Doc. 32, Exhibit 61. The court further sentenced Werber to one year imprisonment on count 3, possession of criminal tools, and ordered that sentence to run consecutively to the sentence on count 1, for a total sentence of nine years.  The court also imposed three years of post-release control and ordered Werber to forfeit $6,080 and cell phones and to pay court costs.  *Id.*

**D.      Direct Appeal – *Werber II***

On August 3, 2009, Werber, *pro se*, filed a notice of appeal in the Eighth Appellate District Court of Appeals.  Doc. 32, Exhibit 62.  In November 2009, Werber filed his brief and raised the following ten assignments of error:

> 1.  On remand the trial court erred by proceeding to trial, convicting, and sentencing Werber on previously dismissed counts two and three.
>
> 2.  On remand the trial court erred by amending count one to increase it from a third degree to a second degree felony offense.
>
> 3.  On remand Werber's Double Jeopardy Rights were violated by convicting and sentencing him on count one as a felony two.

---

[5]  For example, on March 5, 2009, Werber filed a motion to dismiss indictment or suppress evidence and compel discovery.  Doc. 32, Exhibits 27 & 29.  The trial court held a hearing on Werber's motion to suppress on March 17, 2009.  Doc. 32, Exhibit 30, Journal Entry.  Werber testified at the hearing.  *Id.*  On April 6, 2009, the trial court denied Werber's motion to suppress.  *Id.*

4.  The trial court erred in denying Werber's motion to suppress evidence from his warrantless arrest lacking probable cause in violation of his Fourth Amendment Rights.

5.  The trial court erred in denying Werber's motion to suppress his statements obtained through coercive custodial interrogation, after Werber requested an attorney, and without a *Miranda* warning or a *Miranda* waiver, in violation of his Fifth Amendment Rights.

6.  The trial court erred by denying Werber's motion to disclose or produce the confidential informant.

7.  The trial court erred by admitting prior bad acts, bad character, bad association, and guilt by association evidence at trial in violation of Evidence Rules 401-404.

8.  The trial court erred in denying Werber's motion for a new trial because the prosecutor withheld discovery of an audio-video recording of a meeting between Baxter and the confidential informant, and a written summary of Co-Defendant Baxter's statements to the prosecutor, in violation of Criminal Rule 16(B)(1)(a)(i)-(ii).

9.  The trial court erred by denying Werber's motion to find count one, marijuana trafficking, and count three, possession of criminal tools, allied offenses pursuant to R.C. 2941.25(A).

10. *Pro se* Werber was denied his Sixth Amendment Right to counsel during a critical stage of proceedings when, over his objection, he was removed from the courtroom while the prosecutor remained to gather and send evidence, *ex-parte,* to the deliberating jury.

Doc. 32, Exhibit 63.  The State filed its brief on February 16, 2010.  Doc. 32, Exhibit 64.

Werber filed a reply brief.  Doc. 32, Exhibit 65.  On October 7, 2010, the Ohio Court of Appeals

affirmed the judgment of the trial court.  Doc. 32, Exhibit 66.

On October 14, 2010, Werber filed a motion for reconsideration with the Ohio Court of

Appeals.  Doc. 32, Exhibit 67.  In addition, on November 1, 2010, Werber filed a motion to

"correct falsified transcript by remand for a new trial to produce a new transcript 'made to

conform to the truth'" ("Motion to Correct Falsified Transcript") (Doc. 32, Exhibit 68), as well

as a motion to supplement the record with the transcript filed in appeal number 90888 (*Werber*

*I)*.[6]  Doc. 32, Exhibit 69.  The Ohio Court of Appeals denied Werber's motion for reconsideration on November 1, 2010.  Doc. 32, Exhibit 70.  On November 10, 2010 Werber filed a reply in support of his Motion to Correct Falsified Transcript.  Doc. 32, Exhibit 71.  On November 16, 2010, the Ohio Court of Appeals denied Werber's Motion to Correct Falsified Transcript.  Doc. 32, Exhibit 72.  On that same date, the court denied Werber's motion to supplement the record with the transcript filed in Case No. 90888.  Doc. 32, Exhibit 73.

In the meantime, on November 2, 2010, Werber, *pro se*, timely filed a notice of appeal in the Ohio Supreme Court.  Doc. 32, Exhibit 74.  On that same date, Werber filed his memorandum in support of jurisdiction and asserted the following six propositions of law:

1. Constitutional Due Process and Indictment Rights must prohibit prosecution on dismissed indictments.

2. Constitutional Due Process and Indictment Rights must prohibit amending an indictment increasing the degree of the offense.

3. Constitutional Due Process and Fair Trial Rights and Evidence Rules 401-404(B) prohibit convictions based upon jury's consideration of irrelevant and prejudicial prior bad acts evidence.

4. Suppression of a Co-Defendant's confession and exculpatory statements to the prosecutor violates Defendant's constitutional rights to Due Process and a Fair Trial and a Defense and the Discovery Rules.

5. The Court of Appeals erroneously holds R.C. 2925.03(A)(2) Marijuana Trafficking and R.C. 2923.24(A) Possession of Criminal Tools are not allied offenses on the elements as a matter-of-law under R.C. 2941.25(A).

6. Defendants have a constitutional right to counsel at a "critical stage" of their proceedings.

---

[6]  As discussed in detail below, there are discrepancies between the transcript of the guilty plea hearing submitted to the court of appeals as part of the record in *Werber I* and the transcript of that same proceeding submitted to the court of appeals as part of the record in *Werber II*.  The transcript of the guilty plea hearing that was filed in *Werber I* omits any advisement of forfeiture of $6,080, but the transcript filed in *Werber II* contains advisement of the forfeiture of $6,080 in two places.  The two transcripts are of the identical plea hearing, and both are certified as accurate and authentic by the court reporter.  Doc. 32, Exhibit 72.

Doc. 32, Exhibit 75.  On November 19, 2010, Werber filed an amended notice of appeal and

memorandum in support of jurisdiction.  (Doc. 32, Exhibits 76 and 77).  In his memorandum,

Werber presented the following additional assignment of error:

> The Trial Court's falsification of the appellate transcript denied Appellant Due Process of Law under the Fourteenth Amendment to the United States Constitution.

Doc. 32, Exhibit 77.  On November 30, 2010, Werber filed a second amended notice of appeal.

Doc. 32, Exhibit 78.  Werber also filed a second amended memorandum in support of

jurisdiction, in which he asserted the following seven propositions of law:

1. The Trial Court's falsification of the Appellate Transcript denied Appellant Due Process of Law under the Fourteenth Amendment to the United States Constitution.

2. Constitutional Due Process and Indictment Rights prohibit prosecution on dismissed indictments.

3. Constitutional Due Process and Indictment Rights prohibit amending an indictment increasing the degree of the offense.

4. Constitutional Due Process and Fair Trial Rights and Evidence Rules 401-404(B) prohibit convictions based upon the jury's consideration of irrelevant and prejudicial prior bad acts evidence.

5. Suppression of discovery of a Co-Defendant's confession and exculpatory statements to the prosecutor violate a defendant's constitutional rights to Due Process and a Fair Trial and a Defense and the Discovery Rules.

6. The Court of Appeals erroneously holds R.C. 2925.03(A)(2) Marijuana Trafficking and R.C. 2923.24(A) Possession of Criminal Tools are not "allied offenses" on the elements as a matter-of-law under R.C. 2941.25(A).

7. Defendants have a constitutional right to counsel at a "critical stage" of their proceedings.

Doc. 32, Exhibit 79.  The State waived its response.  Doc. 32, Exhibit 80.  On February 2, 2011,

the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any

substantial constitutional question. Doc. 32, Exhibit 81.

E.    **Federal Habeas Corpus**

On February 21, 2011, Werber, *pro se*, filed his petition for writ of habeas corpus.  Doc.

1.  In his petition, Werber asserts the following Thirteen Grounds for Relief:

**GROUND ONE:** The trial court's falsification of the appellate transcript denied Appellant Due Process of Law under the Fourteenth Amendment of the United States Constitution.

**GROUND TWO:** Petitioner's conviction on dismissed counts two and three violated his Due Process and Indictment Rights under the Fifth, Sixth, and Fourteenth Amendment to the United States Constitution.

**GROUND THREE:** The trial court's amendment of Count 1 increasing the severity and degree of the offense charged violated Petitioner's Due Process and Indictment Rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**GROUND FOUR:**  Petitioner's conviction was obtained by use of evidence obtained pursuant to a warrantless arrest lacking probable cause in violation of the Fourth Amendment to the United States Constitution.

**GROUND FIVE:**  Petitioner's conviction was obtained by use of his statements obtained through coercive custodial interrogation in violation of his rights against self-incrimination under the Fifth and Fourteenth Amendments to the United States Constitution.

**GROUND SIX:** Petitioner's convictions were obtained by use of his statements obtained through custodial interrogation after he requested an attorney in violation of his rights against self-incrimination under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**GROUND SEVEN:**  Petitioner's conviction was obtained by use of his statements obtained through custodial interrogation statements without a *Miranda* warning and without a *Miranda* waiver in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution.

**GROUND EIGHT:** The trial court's denial of Petitioner's motion to disclose or produce the confidential informant violated Petitioner's rights to a Fair Trial and Due Process under the Sixth and Fourteenth Amendments to the United States Constitution.

**GROUND NINE:**  Petitioner's conviction was based on the jury's consideration of false, irrelevant, and prejudicial prior bad acts, guilt by association, and propersity [sic] evidence erroneously admitted in violation of Evidence Rules

401-404 and the Due Process and Fair Trial Protections under the Sixth and Fourteenth Amendments to the United States Constitution.

**GROUND TEN:**  The prosecutor suppressed and withheld discovery of a material and exculpatory audio-video recording of Co-Defendant Baxter and the confidential information discussion and committing the charged offenses in violation of Ohio Criminal Rule 16(B)(1)(a)(i) and (B)(1)(f), and the Due Process and Fair Trial Protections of the Sixth and Fourteenth Amendments to the United States Constitution.

**GROUND ELEVEN:** The prosecutor suppressed and withheld discovery of Co-Defendant Baxter's confession, and material and exculpatory statements to the prosecutor in violation of Ohio Criminal Rule 16(B)(1)(a)(ii) and (B)(1)(f), and the Due Process and Fair Trial Protections of the Sixth and Fourteenth Amendments to the United States Constitution.

**GROUND TWELVE:** The trial court erred by convicting and sentencing Petitioner for Drug Trafficking and Possession of Criminal Tools in violation of O.R.C. 2941.25(A) and the Double Jeopardy and Due Process Protections of the Fifth and Fourteenth Amendments to the United States Constitution.

**GROUND THIRTEEN:** Petitioner was denied counsel at a critical stage of proceedings when over his objection defense counsel was removed from the courtroom by a Sheriff's Deputy while the prosecutor remained to gather and send evidence to the deliberating jury, *ex-parte*, in violation of Defendant's Right to Counsel under the Sixth and Fourteenth Amendments to the United States Constitution.

Doc. 1.  On May 11, 2011, Werber filed an amended petition, in which he asserted the exact same thirteen grounds for relief.  Doc. 11.  On July 1, 2011, Respondent filed his Answer/Return of Writ.  Doc. 32.  On August 8, 2011, Werber filed his Reply and Traverse.  Doc. 35.

### III.  Procedural Barriers to Review

Respondent argues that several procedural barriers prevent review of grounds one, four, five, six, seven, eight, ten and eleven.  A petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court.  *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on

13

the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381, 121 S.Ct. 1578 (2001).[7]

A federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

It is well settled that, in order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *Fulcher*, 444 F.3d at 798; *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means a petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g., Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987). The Sixth Circuit established the following four guidelines for determining whether a claim was presented in such a way as to alert the state courts to the claim's federal nature: (1) whether the petitioner relied on federal cases employing constitutional analysis; (2) whether the petitioner relied on state cases

---

[7] The AEDPA statute of limitations for filing a petition for a writ of habeas corpus is one year and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1). The statute of limitations is not at issue in this case.

employing constitutional analysis in similar factual contexts; (3) whether the petitioner phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) whether the petitioner alleged facts well within the mainstream of constitutional law.  *McMeans,* 228 F.3d at 681.

In situations in which a petitioner has failed to fairly present federal claims to the state courts and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted.  *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir. 2002). While in such situations the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the petitioner's failure to have the federal claims considered in the state courts results in a procedural default of those claims that bars federal court review.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006).

## A.    Ground One

In Ground One, Werber asserts that he was denied due process under the Fourteenth Amendment to the Constitution when the trial court provided a falsified transcript to the Court of Appeals for review in *Werber II*.  Doc. 1, p. 6.  Respondent contends that this claim is procedurally defaulted because Werber did not present it to the Ohio Court of Appeals on direct review.  Doc. 32, p. 20.  In response, Werber asserts that this claim is not defaulted because he raised this claim in his Motion to Correct Falsified Transcript (Doc. 32, Exhibit 68) and the Ohio Court of Appeals ruled on the merits of the claim.  Doc. 35, pp. 27-28.

"Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim."  *Wagner v. Smith,* 581 F.3d 410, 414-15 (6th Cir. 2009) (citing *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir.1990), and *Newton v. Million,* 349 F.3d

873, 877 (6th Cir. 2003)).  Here, Werber fully presented the legal and factual arguments

regarding his falsified transcript claim to the Ohio Court of Appeals in his Motion to Correct

Falsified Transcript.  The Ohio Court of Appeals treated his motion as a motion for

reconsideration under Rule 26(A) of the Ohio Rules of Appellate Procedure and ruled on the

merits of his claim in a separate journal entry.  Doc. 32, Exhibit 72.  Werber then raised his

falsified transcript claim on appeal to the Ohio Supreme Court in both his amended

memorandum in support of jurisdiction and his second amended memorandum in support of

jurisdiction.  Doc. 32, Exhibits 77 and 78.  The arguments made by Werber in all of these briefs

are similar to the federal claims asserted by Werber in his habeas petition.  As such, Werber

fairly presented his falsified transcript claim to the state courts and properly exhausted the claim.

*See Hooks v. Sheets*, 603 F.3d 316, 320 (6th Cir. 2010) (finding that a habeas petitioner, who

presented his legal and factual arguments to the state appellate court in his motion to reconsider,

sought leave to appeal the appellate court's denial of his motion to reconsider to the state

supreme court, and sought a writ of certiorari from the United States Supreme Court, exhausted

his state court remedies, where the brief submitted to the state appellate court was virtually

identical to his habeas petition).  Thus, Ground One is not procedurally defaulted and will be

addressed on the merits below.

**B.      Grounds Four, Five, Six, Seven, Eight, Ten and Eleven**

Respondent argues that Werber has waived federal habeas review of Grounds Four, Five,

Six, Seven, Eight, Ten and Eleven because he did not fairly present these claims to the Ohio

Supreme Court on direct review.  Doc. 32, p. 20.  Werber argues that all of his federal claims are

exhausted.

With regard to Grounds Four, Five, Six, Seven, Eight, and Ten, Werber contends that he exhausted these claims because he incorporated each claim by reference in his jurisdictional memoranda submitted to the Ohio Supreme Court.  Doc. 35, pp. 31-33.  This argument is without merit.  Werber asserted the claims in Ground Four (lack of probable cause), Ground Five (custodial interrogation), Ground Six (interrogation after attorney requested), Ground Seven (*Miranda* warning), Ground Eight (identity of confidential informant) and Ground Ten (prosecution withheld audio-video recording) in his direct appeal to the Ohio Court of Appeals. Doc. 32, Exhibit 63, Tr. 574-75.  However, he did not present the substance of these claims in any of his memoranda in support of jurisdiction submitted to the Ohio Supreme Court.  Instead, Werber merely referred the Ohio Supreme Court to the assignments of error contained in the appellate brief he had filed in the court of appeals.  Specifically, Werber's jurisdictional memorandum stated:

> (Re: Assignments of Error 3, 4, 5, 6 and 8)  These *Assignments of Error* are incorporated by reference due to *Memorandum in Support of Jurisdiction* page limits and criteria prioritization.  This Court is respectfully requested to consider incorporated Assignments of Error of jurisdictional acceptance and exhaustion purposes.

Doc. 32, Exhibit 75 at Tr. 740 and Exhibit 78 at Tr. 853.[8]

The United States Supreme Court had held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Baldwin v. Reese,* 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).  In other words, the fair presentation requirement is not met if a court must go outside the four corners of the document presented to it in order to

---

[8] The claims in Werber's Third, Fourth, Fifth, Sixth, and Eighth Assignments of Error in his appellate brief correspond to the claims in his Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth Grounds for Relief in the instant habeas petition.

understand the contention's nature and basis. *Lockheart v. Hulick,* 443 F.3d 927, 929 (7th Cir. 2006) (citing *Baldwin,* 541 U.S. at 32).  If the state's highest court must read some other document in order to learn what the petitioner is arguing, then the issue has not been preserved for federal review; a petition or brief to the state's highest court must contain each contention and not just point to some other document where it might be located.  *Id.* (citing *Baldwin,* 541 U.S. at 32).

Werber did not present the substance of his claims in Grounds Four, Five, Six, Seven, Eight and Ten to the Ohio Supreme Court; he merely referred the Ohio Supreme Court to his brief filed with the Ohio Court of Appeals.  This is not sufficient to preserve his claims for federal review.  *Lockheart,* 443 F.3d at 929 (holding that a petitioner cannot preserve an issue for federal review in his petition to the state supreme court merely by incorporating by reference an argument made in another document); *Hill v. Giurbino,* Case No. 06CV1769, 2007 WL 2781174, at *11 (S.D. Cal. 2007) (petitioner who did not present substance of claims to highest state court but merely referred court to his lower court filings did not exhaust state court remedies); see also *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities,* 102 Ohio St.3d 230, 809 N.E.2d 2 (2004) (holding that plaintiff waived for appeal its claim that court of appeals erred by affirming trial court's judgment dismissing one defendant, where plaintiff failed to raise that position or set forth any proposition of law regarding that defendant in plaintiff's memorandum in support of jurisdiction).  Werber has therefore failed to exhaust his state remedies with regard to Grounds Four, Five, Six, Seven, Eight and Ten because he did not fairly present these claims to the Ohio Supreme Court.

With regard to Ground Eleven, Werber contends that he did assert this claim in his jurisdictional memoranda to the Ohio Supreme Court and that it is therefore exhausted.  In

Ground Eleven, Werber alleges that the prosecutor improperly withheld the alleged confession of his co-defendant, Martin Baxter, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as well as "the Due Process and Fair Trial protections of the Sixth and Fourteenth Amendments to the United States Constitution."  Doc. 1, p. 26.

To be "fairly presented," a claim must be presented in a way that provides the state courts with an opportunity to remedy the asserted constitutional violation.  *See, e.g., Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006).  This requires presenting both the legal and factual bases of the claim.  *Id.*  A petitioner does not fairly present a federal claim to a state court by merely making a general reference to a broad constitutional guarantee, such as "due process" or "the right to a fair trial."  *See, e.g., Gray v. J.D. Nederland,* 518 U.S. 152, 163, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Blackmon v. Booker,* 394 F.3d 399, 400 (6th Cir. 2004) ("the failure to develop any cogent arguments regarding denial of a 'fair trial' or 'due process' rights beyond the naked assertion that they were violated is insufficient for fair presentment.").

 A review of the record establishes that, although Werber did assert a claim regarding the alleged confession of his co-defendant on appeal to both the Ohio Court of Appeals and the Ohio Supreme Court, he did not fairly present his *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) claim or other federal constitutional claims.  In his appellate brief, Werber framed his claim as a violation of Ohio Criminal Rule 16, which governs discovery in criminal actions, and cited only to Ohio cases regarding sanctions for discovery violations.  Doc. 32, Exhibit 63, Tr. 609-12.  He did not cite to *Brady* or make any arguments under *Brady.*  As a result, the Ohio Court of Appeals did not consider this claim under *Brady.*  Doc. 32, Exhibit 66. In his jurisdictional memoranda to the Ohio Supreme Court, Werber again presented his claim as a violation of Ohio Criminal Rule 16. Doc. 32, Exhibits 75, 77, and 79.  At the end of his

argument, Werber stated, in conclusory fashion, that his "rights to Due Process, a Defense, and a Fair Trial under the Fifth, Sixth, and Fourteenth Amendments" were violated, and then cited to *Brady*.  Doc. 32, Exhibits 75, 77, and 79.  However, he did not present the substance of a *Brady* claim or any other federal claim to the Ohio Supreme Court, i.e., he did not make any factual or legal arguments under *Brady* or any other federal claim.   The mere reference to *Brady* or due process or the right to a fair trial is insufficient for fair presentation.  Werber has therefore failed to exhaust Ground Eleven because he did not fully and fairly present the legal and factual basis of his federal constitutional claims in his state court proceedings.[9]

Based on the foregoing, Grounds Four, Five, Six, Seven, Eight, Ten and Eleven are unexhausted.  It is well settled that, if a petitioner fails to exhaust a claim in state court and the claim would now be barred from consideration by the state courts for procedural reasons, the claim is also procedurally defaulted on federal habeas review.  *Gray v. Netherland*, 518 U.S. 152, 161-62, 116 S. Ct. 2074 (1996).  Because his direct review has concluded, Werber would be barred by *res judicata* from attempting to assert his unexhausted claims in another state proceeding.  *See, e.g., State v. Perry*, 10 Ohio St.2d 175, 175- 76, 226 N.E.2d 104, syllabus (Ohio 1967).  The Sixth Circuit has consistently held that *res judicata* is an adequate and independent ground establishing procedural default.  *See, e.g., Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (finding that "Ohio's

---

[9] Werber's belated attempt to assert a *Brady* claim for the first time in his jurisdictional memoranda to the Ohio Supreme Court also violates the well-established procedural rule that the "Ohio Supreme Court will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals."  *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) (citing *State v. Phillips*, 27 Ohio St.2d 294, 272 N.E.2d 347 (1971)).  As a result, even if Werber's mere citation to *Brady* were sufficient to satisfy the fair presentation requirement, the claim would  be procedurally defaulted in this case because Werber did not follow the State's procedural requirements for asserting it.  *See Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (stating that "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance"); *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (stating that fair presentation requirement is not satisfied if a claim is raised in a procedurally improper manner).  Thus, Werber's eleventh ground for relief is also procedurally defaulted.  *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).

doctrine of *res judicata* as a procedural bar is regularly applied by the Ohio courts").  As such, under *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), these claims are procedurally defaulted unless Werber can show cause for the default and actual prejudice.  Werber does not argue cause to excuse the procedural default and no cause is apparent from the record.  In addition, Werber has not claimed any "prejudice," or a "fundamental miscarriage of justice."  Accordingly, Werber's Fourth, Fifth, Sixth, Seventh, Eighth, Tenth and Eleventh Grounds for Relief are also procedurally defaulted and should be denied.

## IV.  Review of the Merits of Werber's Remaining Grounds for Relief

Werber's remaining Grounds for Relief – Grounds One, Two, Three, Nine, Twelve, and Thirteen – are all properly before the Court.  However, they are all without merit for the reasons set forth below.

## A.  Standard of Review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to Werber's habeas petition because he filed it after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A decision is "contrary to" clearly established federal law when the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)).  A state court's adjudication results in an "unreasonable application" of clearly established federal law only when the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Id.* at 599-600 (quoting *Williams*, 529 U.S. at 413).

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Bobby v. Dixon*, ___ U.S.___, 132 S.Ct. 26, 181 L.Ed.2d 328, 2011 WL 5299458, at *1 (Nov. 7, 2011) (quoting *Harrington v. Richter*, 562 U.S. ___, ___ 131 S.Ct. 770, 786–87 (2011).  This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Richter*, 131 S.Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).  Werber has not met his burden in this case.

**B.      Ground One**

In Ground One, Werber cites to discrepancies between two transcripts of the plea hearing that took place on November 29, 2007:  the transcript that was prepared and filed in his second appeal, *Werber II*, and the transcript that was prepared and filed in his first appeal, *Werber I*. Doc. 1, pp. 6-9.  Werber contends that he was denied due process under the United States Constitution when the trial court submitted the incorrect transcript in his second appeal.  This argument is without merit.

In a separate judgment entry, the Ohio Court of Appeals addressed Werber's falsified transcript claim as follows:

> In [Werber's Motion to Correct Falsified Transcript by Remand for New Trial], Appellant cites to discrepancies between the transcript of the plea hearing which took place 11-29-07 that was prepared and filed in his second appeal [*Werber II*] as compared to the transcript of the same plea hearing that was prepared and filed in his first appeal [*Werber I*].  Specifically, the transcript prepared and filed for the first appeal omits any advisement of forfeiture of $6,080.  But the transcript prepared and filed for the second appeal contains advisement of the forfeiture of $6,080 in two places.  The two transcripts are of the identical plea hearing, and both are certified as accurate and authentic by the court reporter.
>
> We have reviewed the transcripts and acknowledge the discrepancies. Nonetheless, we deny Appellant's motion.  A defendant has a constitutional right to a jury trial, not a plea.  *State v. Carty* (Aug. 26, 1993), Cuyahoga App. No. 63534; *State v. Crawford* (June 18, 1992), Cuyahoga App. No. 62851; *State v. Colombo* (Oct. 1, 1987), Cuyahoga App. No. 52715; *State v. Cray* (Dec. 18, 1986), Cuyahoga App. No. 51534; *and State v. Jackson* (1980), 68 Ohio App. 2d 35, 426 N.E.2d 528.   Appellant received the jury trial to which he was constitutionally entitled and for which he asked.  Any issue involving the original plea ordered vacated by this Court are rendered moot by Appellant's subsequent trial.
>
> Accordingly, the Motion to "Correct Falsified Transcript by Remand for New Trial" is denied.

Doc. 32, Exhibit 72, Journal Entry.

Even though the Ohio Court of Appeals did not explain that it was ruling on the merits of a federal constitutional claim, its decision is consistent with federal law concerning the right to a jury trial.  *See* U.S. Const. Amend. VI; *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) (holding there is no constitutional right to a plea bargain).  Thus, the decision of the Ohio Court of Appeals denying Werber's Motion to Correct Falsified Transcript is not contrary to clearly established federal law.

Moreover, Werber's claim in Ground One is now moot.  The Ohio Court of Appeals reasonably concluded that Werber's rights were not violated.  Werber entered a guilty plea to count 1 of the indictment pursuant to the terms of a plea bargain.  Werber then appealed to the Ohio Court of Appeals, alleging that his guilty plea was invalid because it was involuntarily made.  Werber argued that he did not understand the consequences of his plea because the trial court erroneously advised Werber that he would forfeit $1,080, not $6,080.  The transcript of the November 29, 2007 plea hearing that was submitted on his first appeal did not contain any advisement by the trial court of the $6,080 forfeiture.  Werber was victorious on appeal and his guilty plea and resulting conviction were overturned.  Werber then exercised his constitutional right to a jury trial and the jury found Werber guilty on all counts of the indictment.  In his second appeal after he was convicted by a jury, the transcript of the same November 29, 2007, guilty plea hearing that was submitted as part of the record to the Ohio Court of Appeals contained two advisements of the $6,080 forfeiture.

The claim in Ground One relates to the alleged falsification of the transcript of the guilty plea hearing submitted in *Werber II.*  However, the plea hearing had no bearing on the outcome of *Werber II.*  Werber overlooks that he prevailed on the challenge to his guilty plea in his first appeal, *Werber I,* and that his guilty plea and conviction were subsequently vacated.  Ground

One is moot because his current imprisonment is not based on his guilty plea.  Instead, his imprisonment is the result of his subsequent conviction by a jury.  *See Wilson v. Goord,* 00 Civ. 4849, 2004 WL 226149 at *6 (S.D.N.Y. Feb. 6, 2004) (habeas claim regarding coerced guilty plea denied as moot where Appellate Division previously granted petitioner's motion to vacate the guilty plea).  Accordingly, Werber's claim regarding the falsified transcript of the plea hearing is without merit.[10]

Werber's reliance on *Chessman v. Teets,* 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253 (1957) is also misplaced.  In *Chessman,* the court reporter who made notes during the trial died before he was able to transcribe them.  A second court reporter, who was related to the prosecutor by marriage, took the notes and produced a record from them, in part by discussing the testimony with the prosecutor and the police officers who testified at trial.  Chessman was not represented in person or by counsel in the proceedings to approve the new record.  The United States Supreme Court held that this procedure did not comport with due process.  The Court stated, in relevant part:

> All we hold is that, consistently with procedural due process, California's affirmance of petitioner's conviction upon a seriously disputed record, whose accuracy petitioner has had no voice in determining, cannot be allowed to stand.

*Id.* at 164.  The Court noted that petitioner "is entitled to have his conviction reviewed upon a record which has been settled in accordance with procedural due process." *Id.* at 164, n. 12.

Werber's case is distinguishable from *Chessman* because, unlike Chessman, Werber's guilty plea and conviction were overturned on appeal.  The Ohio Court of Appeals actually

---

[10] The discrepancies in the two transcripts of the guilty plea hearing are troubling.  Unfortunately for Werber, they do not cast doubt on the proceedings that occurred after the case was reversed and remanded by the Ohio Court of Appeals in *Werber I* and his guilty plea was vacated.  Werber argues that, because there were errors in the transcript of his guilty plea hearing, the entire record is unreliable because it could also contain errors.  However, there is absolutely no evidence of any other errors in the record or any indication that the transcript of the jury trial that took place after remand is incorrect in any way.  Werber's argument is based purely on speculation, which cannot form the basis for federal habeas relief.  *See Wood v. Bartholomew,* 516 U.S. 1, 8, 116 S.Ct. 7, 133 L.Ed.2d 1 (1995) (federal courts may not "grant[ ] habeas relief on the basis of little more than speculation with slight support").

safeguarded Werber's constitutional rights by finding that his guilty plea was involuntarily made. After remand, Werber then exercised his constitutional right to a jury trial, thereby rendering any error regarding the transcription of the guilty plea hearing moot.  Thus, Werber has failed to establish that the decision of the Ohio Court of Appeals was an unreasonable application of clearly established federal law.  Ground One is therefore without merit and should be denied.

## C.  Grounds Two and Three

In Grounds Two and Three, Werber in effect seeks to receive the benefits of his original plea agreement, which he repudiated and succeeded in overturning on appeal in *Werber I*.  Doc. 1, pp. 9-12.  Specifically, Werber alleges in Ground Two that his convictions on counts 2 and 3, which had been dismissed as part of his guilty plea, violated his due process and his indictment rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.  In Ground Three, Werber argues that his due process and indictment rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution were violated when the trial court restored count 1 to a second degree felony as set forth in the original indictment instead of maintaining the count as a third degree felony as set forth in the repudiated plea agreement.

The Fifth Amendment to the U.S. Constitution "guards against Government oppression," *United States v. Scott,* 437 U.S. 82, 98, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), and "guarantees that criminal defendants shall not 'be twice put in jeopardy of life or limb' for the 'same offence.'" *United States v. Podde,* 105 F.3d 819, 815 (2nd Cir. 1997) (quoting U.S. Const. Amend. V).  "'[T]he Double Jeopardy Clause . . . does not relieve a defendant from the consequence of his voluntary choice.'"  *Id*. at 816 (quoting *Ricketts v. Adamson,* 483 U.S. 1, 11, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987)); *see also United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).  It is well settled that, when a defendant repudiates a plea bargain,

26

either by withdrawing the plea or by successfully challenging his conviction on appeal, double jeopardy is not an obstacle to restoring the relationship between defendant and state as it existed prior to the defunct bargain. *Hawk v. Berkemer,* 610 F.2d 445, 448 (6th Cir. 1979) (holding that dismissal of certain counts in the indictment "was only conditional on the defendant's guilty plea, a plea the defendant has in effect withdrawn," thus allowing trial on those counts); *Fransaw v. Lynaugh,* 810 F.2d 518, 524-25 (5th Cir. 1987); *United States v. Gerard,* 491 F.2d 1300 (9th Cir. 1974); *United States v. Barker,* 681 F.2d 589 (9th Cir. 1982); *United States v. Johnson,* 537 F.2d 1170, 1174-75 (4th Cir. 1976); *Klobuchir v. Pennsylvania,* 639 F.2d 966, 970 (3d Cir. 1981); *United States v. Anderson,* 514 F.2d 583, 587 (7th Cir. 1975)).  If a petitioner "obtains a reversal of a charge to which he pleaded guilty, all counts may be reinstated because any waiver by the government was only conditioned on the defendant's guilty plea, a plea that the defendant has in effect withdrawn." *Reid v. United States,* No. 96-2015, 1998 WL 69832 at *2 (6th Cir. 1998) (unpublished) (citing *Hawk*, 610 F.2d at 448); *see also United States v. Lowery,* 60 F.3d 1199, 1205 (6th Cir. 1995) (conviction vacated because defendant was not properly informed of the nature of the charges to which he pleaded guilty; on remand, "if the defendant declines to plead guilty" to the same charges, he "may be recharged" with the charges that were dismissed as "consideration of the negotiated plea agreement").  "Anything else would give rise to intolerable manipulation and gamesmanship on the part of defendants." *Podde,* 105 F.3d at 816

The Ohio Court of Appeals reviewed Werber's claims under the principles set forth above and rejected them for the reason that Werber was not entitled, on remand, to the benefit of the plea bargain that he had repudiated and succeeded in overturning:

> **[*P24]** Werber contends in these assignments of error that he should have received the benefit of his previous plea agreement with the state. We disagree.

[*P25] The Twelfth Appellate District addressed this issue in *State v. Prom,* Butler App. No. CA2004-07-174, 2005 Ohio 2272.  There, the defendant was charged with aggravated murder with a three-year firearm specification. The charge carried a mandatory life sentence, to be served consecutive to a three-year term for the firearm specification. After negotiations with the state, the defendant pleaded guilty to a reduced charge of murder with a firearm specification. The maximum penalty for that charge was 18 years to life, consecutive to three years for the firearm specification.

[*P26] The defendant challenged her plea on appeal, arguing that it was not knowingly made because the trial court incorrectly informed her that she would be subject to postrelease control rather than parole. The Twelfth Appellate District agreed with the defendant, reversed the trial court's decision accepting her guilty plea, vacated the judgment of conviction and sentence, and remanded for further proceedings.

[*P27] On remand, the defendant filed a motion to compel the state to offer its prior plea bargain, which the trial court denied. The defendant entered a no contest plea to the charge of aggravated murder with the firearm specification. The trial court found her guilty and sentenced her to life in prison, consecutive to a three-year term for the firearm specification.

[*P28] On a second appeal, the defendant challenged the trial court's denial of her motion seeking to compel the state to offer its prior plea bargain. The court of appeals rejected her challenge, stating: "Contrary to appellant's argument, we find that it is reasonably well-established that "'when a defendant repudiates the plea bargain * * * by successfully challenging [her] conviction on appeal there is no double jeopardy (or other) obstacle to restoring the relationship between defendant and state as it existed prior to the defunct bargain.' *United States v. Moulder* (C.A.5, 1988), 141 F.3d 568, 571, quoting *Fransaw v. Lynaugh* (C.A.5, 1987), 810 F.2d 518, 524-525. See, also, *Hardwick v. Doolittle* (C.A.5, 1977), 558 F.2d 292, 301. Ohio courts have likewise held that 'being convicted of the original charge and receiving a greater sentence is a chance that one takes when [one] seeks to withdraw from a plea agreement containing a state-amended lesser charge.' *State v. Griffin,* Mahoning App. No. 01CA151, 2003 Ohio 1599, P9.

[*P29] "Nor are we persuaded by appellant's argument that the state's refusal to offer the same plea agreement is the result of vindictiveness for her successful appeal. Appellant's prior appeal resulted in the invalidation of her plea, and the reinstatement of the charge for which she was originally indicted. Where the underlying purpose of the plea agreement is frustrated, the prosecution may, 'without explanation, refile charges against a defendant whose bargained-for guilty plea to a lesser charge has been withdrawn or overturned on appeal, provided that an increase in the charges is within the limits set by the original indictment.' *Moulder* at 572. After her conviction was reversed on appeal, appellant entered a plea of NGRI to the charge of aggravated murder for which

she was indicted. This charge was within the limits set by the original indictment, and we do not find that proceeding under this charge was the result of vindictiveness. Appellant's second assignment of error is overruled." *Prom at* P16-17.

**[\*P30]** For the reasons set forth by the Twelfth District in *Prom*, we overrule the first, second, and third assignments of error.

Doc. 32, Exhibit 66.

The Ohio Court of Appeals' decision rejecting Werber's claims is neither contrary to, nor an unreasonable application of, clearly established federal law. Werber's claims are based upon his mistaken belief that he is entitled to retain the benefits of a vacated plea agreement. However, when his guilty plea was overturned at his request, Werber was returned to his original position before he entered a plea of guilty. That is, the original indictment was restored and a plea of not guilty was entered as his response. The State was not required to re-indict Werber on any count because, when Werber repudiated his plea, the plea and its attendant circumstances became a nullity. Therefore, the trial court properly proceeded upon the original indictment.

To hold that Werber could not be tried and sentenced upon the charges in the original indictment would be to "encourage gamesmanship of a most offensive nature." *United States ex rel. Williams v. McMann*, 436 F.2d 103, 106 (2d. Cir. 1970). As explained in *McMann*:

> [A]ny reason the defendant could conceive for setting aside his plea and sentence would lose him little. If the defendant's argument were to prevail, then a trial on the lesser charge only could result. The defendant would thus run no risks by this maneuver for his trial could end in acquittal, but if he should be convicted, he urges he could not receive a sentence greater than that imposed on the guilty plea to the lesser offense. This is nothing more than a 'heads-I-win-tails-you-lose' gamble. To frustrate this strategy, prosecutors would be restrained from entering plea bargains, thereby adding further to the staggering burdens of our criminal courts, and judges would become more rigid in exercising their discretion in favor of permitting withdrawal of a guilty plea. This would hardly enhance the administration of criminal justice.

*Id.* at 106-07. Werber's arguments to the contrary are without merit.

In sum, nothing in the Ohio Court of Appeals' decision is contrary to, or an unreasonable application of, clearly established federal law.  Werber's Second and Third Grounds for Relief should therefore be denied. [11]

**D.     Ground Nine**

In Ground Nine, Werber contends that his conviction violated due process because the jury's verdict was based upon false, irrelevant and prejudicial bad acts, "guilt by association" and other evidence improperly admitted under Ohio R. Evid. 401 to 404.  Doc. 1, pp.21-25; Doc. 35, pp. 76-85.  Respondent argues that this claim is based on purported violations of Ohio law and is, consequently, not cognizable on federal habeas review.

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). "'[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus.'" *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.  2003) (quoting *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983) (other citations omitted)).  A federal habeas court "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a

---

[11]  In his Traverse, Werber states that the claims in Grounds Two and Three are due process claims, not double jeopardy claims.  However, Werber is clearly attempting to invoke double jeopardy protections in these grounds for relief.  The gravamen of Werber's claims is that he should not have been subsequently convicted on counts that had been amended or dismissed pursuant to his plea bargain.  As set forth above, when Werber repudiated his plea, the plea and its attendant circumstances became a nullity and he was returned to his original position before he entered his guilty plea.  Werber was therefore left to face the charges set forth in the original indictment.  Werber then exercised his constitutional right to a jury trial.  Thus, Werber's constitutional rights were not violated and his attempt to couch his double jeopardy claims as due process claims is without significance.  *Cf. Dowling v. United States*, 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990) ("Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation").

habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation omitted). "Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir.), *cert. denied*, 543 U.S. 892, 125 S.Ct. 168, 160 L.Ed.2d 156 (2004) (citing *Estelle v. McGuire*, 502 U.S. 62, 69–70, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)).

Although Werber couches his argument in constitutional terms, he is essentially challenging a state court evidentiary decision. Indeed, the crux of his argument is that the admission of prior bad acts evidence was improper under Rules 401 to 404 of the Ohio Rules of Evidence. Doc. 1, pp. 21-25; Doc. 35, pp. 76-84. As such, this claim is not cognizable on federal habeas review unless Werber establishes that the alleged evidentiary errors were so egregious that they resulted in an unreliable verdict or otherwise caused the denial of a fundamentally fair trial. *See, e.g., Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001), *cert. denied,* 535 U.S. 1031, 122 S.Ct. 1639, 152 L.Ed.2d 647 (2002) (stating, in reference to habeas corpus challenge to admission of prior bad acts evidence, that "[s]tate court evidentiary rulings do not rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.") (internal quotation marks and citations omitted). Werber has not shown that the admission of the prior bad acts evidence resulted in any fundamental unfairness in this case. Because this claim involves an error in the application of state law, it is not cognizable on federal habeas review and should be denied.

Moreover, even if Werber states a cognizable claim, he is not entitled to relief.  The Sixth Circuit has found that there is no clearly established United States Supreme Court precedent holding that the admission of prior bad acts evidence violates the Due Process Clause.  *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *see also Alberni v. McDaniel*, 458 F.3d 860, 867 (9th Cir. 2006); *Paige v. Bradshaw*, 2007 WL 4323785, *12 (N.D. Ohio Apr.4, 2007).  In *Bugh*, the petitioner sought habeas relief, claiming that he was denied his right to due process because the state court admitted evidence concerning similar, uncharged acts of child molestation.  Citing footnote five of the Supreme Court's decision in *Estelle v. McGuire*, 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), the Sixth Circuit held that there is no clearly established Supreme Court precedent that holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence.  *Bugh*, 329 F.3d at 512.  In *Estelle*, the United States Supreme Court expressly declined to rule on the issue of "whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."  502 U.S. at 75 n. 5.  The Sixth Circuit reasoned that, because the Supreme Court left the issue open, federal habeas courts cannot find that state court rulings allowing propensity use of other acts evidence are contrary to, or involve an objectively unreasonable application of, clearly established federal law.  *Bugh*, 329 F.3d at 512; *see also Paige v. Bradshaw*, 2007 WL 4323785, at *12 (applying *Bugh* to reject prior bad acts claim).

Applying the analysis in *Bugh* to this case*,* even if prior bad acts evidence was improperly admitted by the trial court, there is no clearly established Supreme Court precedent that establishes that the admission of such propensity evidence violates the Due Process Clause. "The Supreme Court has not made a contrary ruling since *Bugh* and the holding that there is no 'clearly established' due process right against the use of propensity evidence is binding in this

Circuit until either the Supreme Court or Sixth Circuit says otherwise." *Rice v. Moore,* 633 F.Supp.2d 541, 556 (S.D. Ohio 2008) (quoting *Sifuentes v. Prelesnik,* No. l:03cv637, 2006 WL 2347529, at *1 (W.D. Mich. Aug.11, 2006)); *See also Collier v. Lafler*, 419 Fed. App'x. 555, 558 (6th Cir.  2011).  As such, the Ohio Court of Appeals' decision rejecting Werber's claim regarding the admission of prior bad acts evidence did not contravene or unreasonably apply clearly established federal law as determined by the Supreme Court.  Accordingly, Werber is not entitled to habeas relief due to allegedly erroneous evidentiary rulings.

**E.**     **Ground Twelve**

       Werber was charged, convicted and sentenced for drug trafficking under Ohio Rev. Code § 2925.03(A)(2) and possession of criminal tools under Ohio Rev. Code § 2923.24(A).  With regard to drug trafficking, § 2925.03(A)(2) provides, "[N]o person shall knowingly . . . prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."  With regard to possession of criminal tools, § 2923.24(A) provides, "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." In Ground Twelve, Werber asserts that his convictions and sentencing for both drug trafficking and possession of criminal tools violate the Double Jeopardy Clause of the Fifth Amendment, the Due Process Clause of the Sixth and Fourteenth Amendments, and Ohio's allied offenses of similar import statute, Ohio Rev. Code § 2941.25.   These arguments also lack merit.

       As discussed at length above, a federal habeas court may not consider a claim of violation of an Ohio statute.  Federal habeas corpus courts may only consider whether a conviction violates the United States Constitution. 28 U.S.C. § 2254(a); *Lewis v. Jeffers,* 497 U.S. 764, 780,

110 S.Ct. 3092, 111 L.Ed.2d 606 (1990).  To the extent that Werber asserts that his conviction

and sentence violate Ohio Rev. Code § 2941.25, it is not cognizable on federal habeas review.

With regard to Werber's remaining claim,[12] the Double Jeopardy Clause provides that no

person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S.

Const. Amend. V.  The Double Jeopardy Clause affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It
> protects against a second prosecution for the same offense after conviction. And it
> protects against multiple punishments for the same offense.

Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187(1977), quoting North

Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).  The test for

whether two offenses constitute the same offense is "whether each offense contains an element

not contained in the other."  Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.

306 (1932); see also United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556

(1993).

Ohio's statute on allied offenses, Ohio Rev. Code § 2941.25,[13] arises from the same

concerns as the federal Double Jeopardy Clause.  Spence v. Sheets, 675 F. Supp.2d 792, 824–25

---

[12] Werber characterizes his claim as a claim under both the Double Jeopardy Clause and the Due Process Clause.
However, as with Grounds Two and Three, the heart of Werber's claim is a double jeopardy argument, i.e., that he
should not have been convicted and sentenced for both drug trafficking and possession of criminal tools.  Werber's
attempt to portray his claim as a claim under both the Double Jeopardy Clause and the Due Process Clause is
without significance.  Cf. Dowling v. United States, 493 U.S. at 352 ("Beyond the specific guarantees enumerated in
the Bill of Rights, the Due Process Clause has limited operation").

[13] Ohio's allied offenses statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied
> offenses of similar import, the indictment or information may contain counts for all such offenses,
> but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where
> his conduct results in two or more offenses of the same or similar kind committed separately or
> with a separate animus as to each, the indictment or information may contain counts for all such
> offenses, and the defendant may be convicted of all of them.

Ohio Rev. Code § 2941.25.

(S.D. Ohio 2009) (citing *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999)).  "Violation of the Double Jeopardy Clause and violation of Ohio Rev. Code § 2941.25 are often confused because they speak to the same concerns." *Steveson v. Timmerman-Cooper*, No. 3:10–cv–009, 2010 WL 7352141 (S.D. Ohio Jan 14, 2010).  While the statute protects the same interests as the Double Jeopardy Clause, it is much broader than the Double Jeopardy Clause.  *Id.*  Two offenses are different, for double jeopardy purposes, whenever each contains an element that the other does not.  *Id.* (citing *Blockburger,* 284 U.S. 299).  However, a comparison of the elements is only the first step in the § 2941.25 analysis; if the elements of the two crimes correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the Ohio court must proceed to the second stage of deciding whether they were committed separately or with a separate animus.  *See, e.g., City of Newark v. Vazirani,* 48 Ohio St.3d 81, 549 N.E.2d 520 (1990).

The Ohio Court of Appeals' analysis and disposition of  Werber's claim under  Ohio Rev. Code § 2941.25 is relevant to this Court's consideration of Werber's Double Jeopardy Clause claim because it turned on a comparison of the elements of the drug trafficking and possession of criminal tools statutes under which Werber was convicted.  The Court of Appeals stated:

> **[\*P67]** Werber was convicted under R.C. 2925.03(A)(2*)*, which charged that he knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed a drug of abuse, knowing, or having reasonable cause to believe the drugs were intended for sale or resale by him or another. His conviction under R.C. 2923.24 for possession of criminal tools charged that he knowingly possessed or had under his control a substance, device, instrument, or article with purpose to use it criminally, and that the substance, device, instrument, or article was intended for use in the commission of a felony offense. Comparing the offenses here, an offender need not commit drug trafficking any time he commits the offense of possession of criminal tools; an offender likewise need not commit the offense of possession of criminal tools any time he commits the offense of drug trafficking. Therefore, drug trafficking and possession of criminal tools are not allied offenses and Werber's ninth assignment of error is overruled.

Doc. 32, Exhibit 66.  Werber has failed to show that is decision is contrary to, or an unreasonable application of, *Blockberger* and its progeny.[14]  Indeed, as shown by the analysis of the Ohio Court of Appeals, the *Blockberger* test is satisfied here.  On their face, the offenses of drug trafficking and possession of criminal tools have different elements.  As such, Werber could be convicted of both offenses.  Thus, Werber's Twelfth Ground for Relief is without merit and should be denied.

## F.      Ground Thirteen

In Ground Thirteen, Werber asserts that he was denied his right to counsel under the Sixth and Fourteenth Amendments at a critical stage of the proceedings when he was not allowed to be present when the prosecutor gathered the exhibits for the jury, *ex parte*.  Doc. 35, pp. 96-102.  On remand, after the trial court vacated Werber's guilty plea, Werber waived his right to counsel and elected to represent himself at trial.  At the conclusion of trial, the trial exhibits were moved from the courtroom to the jury deliberation room.  Werber claims that his right to counsel was violated because he, acting as his own counsel, was not permitted to be present in the jury deliberation room when the exhibits were moved into that room.  Werber's argument, although novel, is without merit.

In overruling this claim, the Ohio Court of Appeals stated:

[*P68] Werber's tenth assignment reads: "Pro se Werber was denied his Sixth Amendment right to counsel during a critical stage of proceedings when, over his objection, he was removed from the courtroom while the prosecutor remained to gather and send evidence, ex-parte, to the deliberating jury."

---

[14] In his Traverse, Werber focuses much of his argument on whether the Ohio legislature intended multiple punishments for drug trafficking and possession of criminal tools.  Doc. 35, pp. 91-95.  Werber's argument is misplaced.  Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so.  *See, e.g., Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).  However, as shown above, the two offenses at issue for which Werber was convicted and sentenced are not the same under *Blockburger* and, as a result, there is no need to consider the intent of the Ohio legislature in this case.

[*P69] The record shows that at the conclusion of the trial, the assistant prosecuting attorney who tried the case gathered the admitted evidence for submission to the jury; Werber and the trial judge were present. After all the admitted evidence was gathered, Werber requested that he be allowed to go with the court's bailiff when she took the evidence into the jury deliberation room, but his request was denied. The bailiff, along with one of the court reporters, placed the evidence in the jury deliberation room; the assistant prosecuting attorney did not go into the jury deliberation room with the evidence.

[*P70] On this record, Werber was not denied right to counsel during a critical stage of the proceeding and his tenth assignment of error is overruled.

Doc. 32, Ex. 66.

Werber has failed to show that the Ohio Court of Appeals' denial of this claim resulted in a decision that was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.  Werber does not cite to any Supreme Court decision establishing that the transportation of trial exhibits from the courtroom to the jury deliberation room is a critical stage of the trial proceeding.[15]  Moreover, Werber has not established that he was prejudiced in any way when he was not permitted to be in the jury deliberation room when the trial exhibits were delivered to the jury.  First, the prosecutor did not go into the jury room with the exhibits.  At the sentencing hearing, the trial court addressed this issue and swore in the courtroom bailiff to testify about how the exhibits were moved from the courtroom to the jury deliberation room.  Doc. 44, Exhibit 83, Trial Tr. Vol. 10, Tr. 1602.  The bailiff testified that she and one of the court reporters placed the evidence in the jury deliberation room.  Doc. 44, Exhibit 83, Trial Tr. Vol. 10, Tr. 1603-04.  Additionally, there is absolutely no indication that any trial exhibits were removed or modified before they were submitted to the jury.  Likewise,

---

[15] In general, the Supreme Court has defined "critical stages" as proceedings between an individual and agents of the State (whether "formal or informal, in court or out," *see United States v. Wade*, 388 U.S. 218, 226, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)) that amount to "trial-like confrontations" at which counsel would help the accused "in coping with legal problems or ... meeting his adversary."  *United States v. Ash*, 413 U.S. 300, 312–313, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973); *see also Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). Werber has not established that the transportation of exhibits from the courtroom to the jury deliberation room satisfies the general definition of a critical stage of the proceedings.

there is no evidence that additional materials, which were not admitted at trial, were given to the

jury.  Werber's contention that the prosecutor could have secretly given the jury additional

evidence is based on pure speculation, which cannot form the basis for federal habeas relief.  *See*

*Wood v. Bartholomew,* 516 U.S. 1, 8, 116 S.Ct. 7, 133 L.Ed.2d 1 (1995) (federal courts may not

"grant[ ] habeas relief on the basis of little more than speculation with slight support").

Therefore, Ground Thirteen is without merit and should be denied.

### V.  Motion for Leave to Conduct Limited Discovery and for Evidentiary Hearing

On March 22, 2012, Werber filed a 28-page motion captioned "Motion for Leave to

Conduct Limited Discovery and For an Evidentiary Hearing Pursuant to 28 U.S.C. § 2254(e)(2)

and *Williams v. Taylor*, 529 U.S. 420 (2000)."  Doc. 59.  This is Werber's second request for

discovery and an evidentiary hearing.  In September 2011, Werber filed motions for discovery

and for an evidentiary hearing.  Docs. 38 and 39.  These motions were denied by the undersigned

Magistrate Judge on December 15, 2011.  Doc. 51.  Werber objected to the denial of his motions

(Doc. 54) and his objections were overruled by Judge Polster on January 4, 2012.  Doc. 53.

In his newly-filed motion, Werber seeks broad discovery and an evidentiary hearing on

Grounds One, Eight, Ten, Eleven, and Thirteen.  Doc. 59, p. 1.  As set forth above, Grounds

Eight, Ten and Eleven are procedurally barred from review.  It would therefore be futile to allow

Werber to present new evidence with regard to these Grounds for Relief.  *See, e.g., Foster v.*

*Brunsman*, No. 2:09-CV-214, 2010 WL 3604453 (S.D. Ohio Sept. 10, 2010) (denying

petitioner's request for discovery because the claims on which petitioner sought discovery were

procedurally barred from review); *Moore v. Brunsman,* No. 3:08 CV 2895, 2010 WL 425055

(N.D. Ohio Jan. 26, 2010) (recommending motion to conduct discovery be denied because claim

on which discovery was sought was procedurally defaulted).

With regard to Grounds One and Thirteen, both Grounds were clearly adjudicated on the merits by the state court, as set forth above.  Under *Cullen v. Pinholster,* ___U.S.___, 131 S.Ct. 1388, 1398–1401, 179 L.Ed.2d 557 (2011) and the clear language of the 28 U.S.C. § 2254(d), the Court is precluded from considering new evidence when reviewing a petition under § 2254(d) where the petitioner's claims were adjudicated on the merits in state court proceedings.  In *Bray v. Andrews,* the Sixth Circuit stated that, pursuant to *Pinholster*, "[o]ur review is, as the Supreme Court recently made clear, 'limited to the record that was before the state court.'"  *Bray,* No. 09–4151, 2011 WL 1544740, at *4 (6th Cir. Apr. 26, 2011) (quoting *Pinholster,* 131 S.Ct. at 1398). The court noted that, "[i]f Bray is to 'overcome the limitation of § 2254(d)(1),' she must do so 'on the record that was before the state court.'" *Id.* (quoting *Pinholster,* 131 S.Ct. at 1400). Thus, the Court's review of Werber's claims is limited to the record that was before the state court.

Werber attempts to overcome the limitation set forth in *Pinholster* by arguing that he is entitled to both discovery and an evidentiary hearing under 28 U.S.C. § 2254(e)(2).  This argument is without merit.  This Court recently interpreted *Pinholster* to allow (but not require) an evidentiary hearing after a reviewing court determines that a petitioner's claim satisfies § 2254(d).  *Williams v. Mitchell*, No. 1:09 CV 2246, 2011 WL 5118469, at *2 (N.D. Ohio October 27, 2011) ("*Pinholster* does not prevent habeas courts from considering evidence presented at an evidentiary hearing once it has determined that the petitioner's claim satisfies AEDPA's Section 2254(d).").  In reaching this conclusion, the Court relied on the concurring opinion of Justice Breyer in *Pinholster*, which provides:

> An offender who believes he is entitled to habeas relief must first present a claim (including his evidence) to the state courts.  If the state courts reject the claim, then a federal habeas court may review that rejection on the basis of the materials considered by the state court.  If the federal habeas court finds that the state-court decision fails [§

2254](d)'s test (or if [§ 2254](d) does not apply), then [a § 2255](e) hearing may be needed.

*Pinholster,* 131 S.Ct. at 1412 (Breyer, J., concurring). In other words, federal courts may not consider new evidence developed at an evidentiary hearing on claims adjudicated on the merits in state court unless both the standard set forth in § 2254(d) and the standard set forth in § 2254(e)(2) are satisfied. *See id.; see also Skipwith v. McNeil,* No 09–60361–CIV, 2011 WL 1598829, *5 (S.D. Fla. Apr.28, 2011) (holding that because Section 2254(d)(2) was satisfied it could consider new evidence adduced at evidentiary hearing); *Fitzgerald v. Workman,* No. 01–CV–531–GKF–TLW, 2011 WL 3793644, *3 (N.D. Okla. Aug. 25, 2011) (where state court unreasonably applied federal law under Section 2254(d)(2), "the Court reviews these claims de novo . . . and the *Pinholster* and *Richter* cases do not apply . . . ."); *Rice v. White,* 660 F.3d 242 (6th Cir. 2011) (conducting plenary review of petitioner's claim once it found Section 2254(d)(2) satisfied). Because Werber has failed to satisfy § 2254(d), he is not entitled to an evidentiary hearing under § 2254(e)(2).

Finally, the Court has been able to resolve all of Werber's claims by reference to the state court record. "Where the record is complete and there is no fact that could be developed that would result in the granting of the writ, an evidentiary hearing is unwarranted." *Cunningham v. Hudson,* 2008 WL 2390777 (N.D. Ohio June 9, 2008), citing *McAdoo v. Elo,* 365 F.3d 487, 500 (6th Cir. 2004).

For all of these reasons, Werber's motion captioned "Motion for Leave to Conduct Limited Discovery and For an Evidentiary Hearing Pursuant to 28 U.S.C. § 2254(e)(2) and *Williams v. Taylor*, 529 U.S. 420 (2000)" is DENIED. Doc. 59.

## VI.  Conclusion and Recommendation

For all of the reasons stated above, the undersigned concludes that Werber is not entitled

to relief on any of his Thirteen Grounds for Relief.  Accordingly, the Court should DENY

Werber's petition for writ of habeas corpus and DISMISS this action with prejudice.  Further,

Werber's motion captioned "Motion for Leave to Conduct Limited Discovery and For an

Evidentiary Hearing Pursuant to 28 U.S.C. § 2254(e)(2) and *Williams v. Taylor*, 529 U.S. 420

(2000)" is DENIED.  Doc. 59.

Dated: March 23, 2012

_____
Kathleen B. Burke
United States Magistrate Judge


## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir.
1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).