**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **GREGORY WERBER,** | Case No. 1:11-CV-400 |
| Petitioner, | |
| vs. | Judge Dan Aaron Polster |
| **TIM MILLIGAN, Acting Warden, and/or Jason Bunting for Former Warden Maggie Beightler,** | **ORDER** |
| Respondent. | |

Pending before the Court is a petition for writ of habeas corpus ("Petition") filed *pro se* by Gregory Werber ("Petitioner") pursuant to 28 U.S.C. § 2254. **(Doc. # 1)**. Judge Burke recommends denying the petition. **(Doc # 60)**. Petitioner objects. (**Doc. # 62**). For the reasons below, the Court overrules Petitioner's objections, adopts Judge Burke's Report and Recommendation ("R&R")[1], and denies the Petition.

**I.**

On September 29, 2007, Cuyahoga County police officers conducted a felony stop of two vehicles: a Dodge Durango driven by Martin Baxter and a Chevy Impala driven by Petitioner. (Doc. # 60 at 2–3). The officers recovered 270 pounds of marijuana from the Durango. (Id.). Baxter planned to sell the marijuana to an FBI confidential informant, and Petitioner served as Baxter's accomplice. (Id.). During the arrest and after the officers read Petitioner his *Miranda* rights, Petitioner admitted that the $6000 in his pocket was to pay Baxter for coordinating the deal with the confidential informant. (Id.).

Petitioner and his co-defendant were indicted in state court on one count of drug trafficking, one count of possession of drugs, and one count of possession of criminal tools. (Id.

---

[1]The Court denies Ground Eleven on the merits, rather than following Judge Burke's recommendation that Ground Eleven was not exhausted.

at 5). Prior to trial, both defendants entered into a plea agreement wherein the State agreed: to amend Count 1 from a second-degree felony to a third-degree felony; and to dismiss Counts 2 and 3. (Id. at 5–6). Based on the plea agreement, Petitioner pled guilty to amended Count 1, and Counts 2 and 3 were nolled. (Id. at 6). On November 29, 2007, the trial court accepted Petitioner's guilty plea and sentenced him to five years of incarceration with three years of post-release-control supervision. (Id.).

On appeal, the Eighth District Court of Appeals reversed Petitioner's conviction and remanded the case to the trial court. (Id. at 7). On remand, the state tried Petitioner on the three original counts and produced the following evidence: (1) Petitioner admitted to officers on the night of his arrest that the $6000 in his pocket was to pay Baxter for coordinating the drug deal, (Doc. # 60 at 2–3); (2) law-enforcement officers observed Petitioner pick up Baxter at a restaurant on the night of the arrest, drive in a manner referred to by officers as "typical counter-surveillance,"[2] drive Baxter to the Durango located in a parking lot, and follow Baxter out of the parking lot immediately before the arrest, (Doc. # 44-7 at 50, 62–85); (3) an FBI Special Agent presented a recorded conversation in which Baxter informs the confidential informant that he and a third party plan to complete the deal in a rented storage unit, (Doc. # 44-8 at 141–42); and (4) the storage-unit manager identified Petitioner as the person who rented the unit under a false name, (Doc. # 44-9 at 51, 55–60). The jury subsequently found Petitioner guilty on all three counts. (Id. at 8). The court sentenced him to nine years' incarceration with three years' post-release-control supervision. (Id.). Petitioner appealed to the Eighth District and the Ohio Supreme Court, but the appeals were denied. (Id. at 9, 11).

Now before the Court is Petitioner's federal habeas petition, which asserts thirteen grounds for relief. (Doc. # 1). Judge Burke recommends that the Court deny the petition. (Doc. # 60). Petitioner objects to the R&R in its entirety. (Doc. # 62).

---

[2]"For example, last minute lane changes, falsely signaling, and increasing then decreasing speed." (Doc. # 32, Exhibit 66, Judgment Entry, Tr. 684).

**II.**

Pursuant to 28 U.S.C. §636(b)(1), the Court shall "make a de novo determination of those portions of the [R&R] . . . to which objection is made." Because Petitioner objected to the R&R in its entirety, the Court must examine Judge Burke's determinations on all thirteen grounds of Petitioner's habeas petition.

**A. Ground One**

Petitioner asserts that he was denied his Fourteenth Amendment right to due process when the trial court submitted an incorrect plea-hearing transcript in his second appeal to the Eighth District Court of Appeals. (Doc. # 62 at 13–14). He argues that this amounts to transcript "fraud" and that his conviction should be vacated pursuant to *Chessman v. Teets*, 354 U.S. 156 (1957). (Id.).

In *Chessman*, the official court reporter suddenly died after the conclusion of petitioner's trial, leaving a substantial portion of the trial transcript incomplete. *Chessman*, 354 U.S. at 158–61. In an effort to finish the transcript, a substitute reporter collaborated closely with the prosecutor, went over the transcription with police officers, and destroyed a rough draft of the transcript. *Id.* The Supreme Court held that the ex-parte completion of the trial record violated petitioner's Fourteenth Amendment right to procedural due process. *Id.* at 165–66. The Court vacated the judgments of the lower courts and remanded the case. *Id.* at 166. Although *Chessman* does not specify the motive or intent that is required to show fraud, other courts have noted that fraud results when the party was "invidiously" or "evilly" motivated. *See Bransford v. Brown*, 806 F.2d 83, 85 (6th Cir. 1986); *United States ex rel. Hunter v. Follette*, 307 F. Supp. 1023, 1025 (D.C.N.Y. 1969).

While Petitioner correctly notes a discrepancy in the plea-hearing transcripts, there is no evidence of any invidious or evil intent. The omission merely relates to an advisement of Petitioner's forfeiture of $6,080, (Doc. # 60 at 23), and had no bearing on the outcome of the proceedings.

-3-

Further, Petitioner's claim became moot when his guilty plea and conviction were overturned and vacated. A state prisoner may seek federal habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Reed v. Farley*, 512 U.S. 339, 347 (1994). Petitioner's current imprisonment is not the result of his guilty plea; it is the result of his subsequent conviction by a jury. Accordingly, Petitioner's falsified-transcript argument is without merit, and the Court adopts Judge Burke's recommendation and denies the Petition as to Ground One.

### B. Grounds Two and Three

Petitioner alleges that the government improperly reinstated the original indictment, rather than prosecuting him under the repudiated plea agreement, in violation of his due process and indictment rights under the Fifth, Sixth, and Fourteenth Amendments. (Doc. # 60 at 26).

It is well-settled that when a defendant repudiates a plea bargain, either by withdrawing the plea or successfully challenging the conviction on appeal, timely reinstatement of the original indictment is not barred. *See Hawk v. Berkemer*, 610 F.2d 445, 448 (6th Cir. 1979) (holding that partial dismissal of the indictment "was only conditional on the defendant's guilty plea, a plea the defendant has in effect withdrawn," thus allowing trial on the original counts). Reinstatement of all original counts is permitted because "any waiver by the government was only conditioned on the defendant's guilty plea . . . ." *Reid v. United States*, 1998 U.S. App. LEXIS 69832, at *6 (6th Cir. 1998) (citing *Hawk*, 610 F.2d at 448).

Petitioner successfully challenged his conviction on appeal; thus, the state did not violate Petitioner's constitutional rights when it prosecuted him under the original indictment. The Court therefore adopts Judge Burke's recommendation and denies the Petition as to Grounds Two and Three.

### C. Grounds Four, Five, Six, Seven, Eight, and Ten

Judge Burke concludes that Petitioner failed to exhaust Grounds Four (lack of probable cause), Five (custodial interrogation), Six (interrogation after attorney requested), Seven

-4-

(*Miranda* warning), Eight (identity of confidential informant), and Ten (prosecution withheld audio-video recording) because he did not "fairly present" the claims in his appeal to the Ohio Supreme Court.  (Doc. # 60 at 18).  In objecting to the R&R, Petitioner relies on *Johnson v. Wolfe*, 44 F. Appx. 702 (6th Cir. 2002).  (Doc. # 62 at 3–4).

However, the United State Supreme Court's decision in *Baldwin v. Reese*, 541 U.S. 27, 32 (2004), effectively overruled the Sixth Circuit's holding in *Johnson*.  In *Baldwin*, the Court held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  541 U.S. 27, 32 (2004).  The Sixth Circuit recently cited *Baldwin* and further ruled that "the petitioner must present the ground relied upon 'face-up and squarely; the federal question must be plainly defined.'"  *Gross v. Warden*, 426 F. Appx. 349, 357 (6th Cir. 2011) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

Petitioner failed to exhaust his state remedies because he required the Ohio Supreme Court to look beyond the four corners of the brief to understand the claims' nature and basis.  He did not explain the constitutional claims within the brief and merely referred the court to the assignments of error contained in the *attached* appellate brief he had previously filed in the Eighth District Court of Appeals.  Thus, Petitioner did not fairly present his federal constitutional claims to the Ohio Supreme Court.  The Court adopts Judge Burke's recommendation and denies the Petition as to Grounds Four, Five, Six, Seven, Eight, and Ten.

### D.  Ground Nine

Petitioner alleges that his conviction violates his right to due process and a fundamentally fair trial because the jury's verdict was based on evidence improperly admitted under Ohio Rules of Evidence 401 through 404.  (Doc. # 60 at 30).  Petitioner claims the jury considered false, irrelevant, and prejudicial bad acts, "guilt by association," and other evidence in reaching its verdict.  (Id.).

Federal courts may not issue a writ of habeas corpus "on the basis of a perceived error of state law." (Id.) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988)). Trial-court errors in evidence law only warrant federal habeas review if "the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir.), *cert. denied*, 543 U.S. 892 (2004) (citing *Estelle v. McGuire*, 502 U.S. 62, 69–70 (1991)).

Despite Petitioner's use of constitutional terms, he effectively challenges the trial court's evidentiary rulings, which is not cognizable for federal habeas review. Petitioner provides no evidence that the admission of the evidence rendered the proceeding "fundamentally unfair." The Court adopts Judge Burke's recommendation and denies relief as to Ground Nine.

### E. Ground Eleven

Judge Burke concludes that Petitioner failed to exhaust Ground Eleven — an alleged violation of his right to due process and a fair trial under the Sixth and Fourteenth Amendments — because he failed to fairly present "the substance of a *Brady* claim or any other federal claim" to the Ohio Supreme Court. (Doc. # 60 at 20). Even if Petitioner's arguments to the Ohio Supreme Court were sufficient, Judge Burke explains, Petitioner is procedurally barred from federal habeas review because he violated the "well-established procedural rule that the 'Ohio Supreme Court will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals.'" (Id. at 20 n.9) (quoting *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985)); *see also State v. Phillips*, 272 N.E.2d 347, 352 (Ohio 1971).

The Sixth Circuit established four guidelines to consider in determining whether a claim was fairly presented: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citation omitted). A federal habeas

petitioner is only required to raise the claims "before the state's highest court." *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (citing *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990)). And if a state court does not expressly rely on a procedural deficiency in reviewing a claim, then a federal court may conduct habeas review. *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (citing *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)); *see Harris v. Reed*, 489 U.S. 255, 261 (1989).

The Court finds that Petitioner fairly presented his claims to the state courts. Petitioner explained in his brief filed in the Ohio Supreme Court that the prosecutor never provided a written summary of his co-defendant Baxter's confession and exculpatory statements. (See Doc. # 32-2 at 126). Petitioner only learned of the statements' existence after his trial when Baxter wrote him a letter, suggesting that Baxter told the prosecutor that Petitioner's "only involvement was as my friend you drove me to the hotel." (See Id.). After providing the underlying facts, Petitioner cited to federal and state authority:

> The prosecutor's suppression of discovery of co-defendant Baxter's confession and exculpatory statements violated Werber's rights to Due Process, a Defense, and a Fair Trial under the Fifth, Sixth, and Fourteenth Amendments, and Art. I, § 10; of the United States and Ohio Constitutions, as well as Crim.R. 16(B)(1)(a)(ii), and (B)(1)(f). *See also, Brady v. Maryland* (1963), 373 U.S. 83, 86-88; and *State v. Brown* (2007), 115 Ohio St.3d 55, 63-66, 873 N.E.2d 858, 866-868, 2007-OHIO 4837, ¶ 39-50.

(Id.).

While the R&R concludes that Petitioner's arguments "did not present the substance of a *Brady* claim or any other federal claim," the Court disagrees. Petitioner provided: (1) the relevant federal constitutional provisions; (2) the seminal federal case for due-process violations related to improperly suppressed evidence; (3) a recent Ohio Supreme Court decision employing the federal constitutional analysis; (4) his claim "in terms of constitutional law" and "allege[d] a denial of a specific constitutional right"; and (5) facts "well within the mainstream of constitutional law." *See McMeans*, 228 F.3d at 681. Further, the Ohio Supreme Court denied leave to appeal and dismissed Petitioner's appeal because it did "not involv[e] any substantial

constitutional question." (See Doc. # 32-2 at 181). Absent a clear indication that the state's highest court denied Petitioner's appeal for violating a procedural rule, the Court will not bar federal habeas review of his claim. *See Baze*, 371 F.3d at 320. Thus, Petitioner fairly presented Ground Eleven in the state courts, and the Court will consider it on the merits.

In *Brady v. Maryland*, the United States Supreme Court held that the prosecution's suppression of "evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). To establish a *Brady* violation, a petitioner must establish: "(1) that the evidence was favorable to him; (2) that it was suppressed (whether intentionally or not) by the government, and (3) that prejudice ensued." *Jamison v. Collins*, 291 F.3d 380, 385 (6th Cir. 2002) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)). The prejudice element, which is also referred to as the "materiality" element, is established "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

In *Strickler v. Greene*, the United States Supreme Court held that the petitioner failed to satisfy the materiality or prejudice element under *Brady* because he could not show a reasonable probability that his conviction would have been different if the prosecutor had disclosed the suppressed materials. *Id.* at 296. Although a reasonable *possibility* existed that inclusion of the evidence may have produced a different result, the requisite *probability* did not exist and the government provided the jury with substantial evidence linking petitioner to the crime, including: eye-witness testimony, statements from several witnesses, and "considerable forensic and other physical evidence." *Id.* at 291–94.

In this case, it is clear that Baxter's statements to the prosecutor, assuming they are what Petitioner claims they are, would have been favorable to Petitioner. It is also clear that the prosecutor did not provide a summary of the interview, despite Petitioner's requests. But

Petitioner has not proved the prejudice element. Similar to *Strickler*, while a reasonable *possibility* exists that the inclusion of Baxter's statements would have produced a different result, Petitioner has not shown a *probability* of a different result. The state presented the jury with a significant amount of evidence connecting Petitioner to the crime: (1) Petitioner admitted to officers on the night of the arrest that the $6000 in his pocket was to pay Baxter for coordinating the drug deal, (Doc. # 60 at 2–3); (2) law-enforcement officers observed Petitioner pick up Baxter at a restaurant on the night of the arrest, drive in a manner referred to by officers as "typical counter-surveillance," drive Baxter to the Durango located in a parking lot, and follow Baxter out of the parking lot immediately before the arrest, (Doc. # 44-7 at 50, 62–85); (3) FBI Special Agent presented a recorded conversation in which Baxter informs the confidential informant that he and another individual plan to complete the deal in a rented storage unit, (Doc. # 44-8 at 141–42); and (4) the storage-unit manager identified Petitioner as the person who rented the unit under a false name, (Doc. # 44-9 at 51, 55–60). Based on the considerable evidence provided to the jury, Petitioner has not shown a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. Accordingly, the Court denies relief as to Ground Eleven because Petitioner has not established the prejudice element.

### F. Ground Twelve

Petitioner asserts that his conviction violates Ohio's allied-offenses-of-similar-import statute and the Double Jeopardy Clause of the Fifth Amendment because possession of criminals tools is a "lesser-included offense" of drug trafficking. (Doc. # 60 at 33). At the outset, this Court declines to consider Petitioner's claimed violation of an Ohio statute because federal habeas courts may only consider whether a conviction violates the "Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). For Petitioner to prevail on his federal claim, he must show that the state court's decision was contrary to, or an unreasonable

application of, clearly established federal law, or that it "was based on an unreasonable determination of the facts in light of the evidence presented." *See* 28 U.S.C. § 2254.

As to the double jeopardy claim, to determine whether one charge is a lesser-included offense of another, courts consider whether each offense contains an element that the other does not. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932); *United States v. Dixon*, 509 U.S. 688, 696–97 (1993). Individuals commit the crime of drug trafficking if they knowingly "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance," with knowledge or with reasonable cause to believe "that the controlled substance is intended for sale or resale by the offender or another person." Ohio Rev. Code § 2925.03(A)(2). Whereas the crime of possessing criminal tools involves "possess[ing] or hav[ing] under the person's control any substance, device, instrument, or article, with purpose to use it criminally." Ohio Rev. Code § 2925.24(A).

The Court agrees with the R&R and the Eighth District Court of Appeals that drug trafficking and possession of criminal tools are not the same offense for double-jeopardy purposes. Each offense requires proof of an additional fact that the other does not. It is possible to possess a criminal tool without preparing or distributing a controlled substance, and it is possible to prepare or distribute a controlled substance without possessing a criminal tool. Petitioner failed to show that the Eight District Court of Appeals' decision is "contrary to, or an unreasonable application of, *Blockberger* and its progeny." The Court therefore adopts Judge Burke's recommendation and denies relief as to Ground Twelve.

### G.  Ground Thirteen

Petitioner asserts that he was denied the right to counsel under the Sixth and Fourteenth Amendments at a "critical stage" of the proceedings when he, as a *pro se* defendant, was not permitted to be present when the prosecutor selected and sent exhibits to the jury deliberation room. (Doc. # 35 at 101).

The record indicates that Petitioner was present at the conclusion of the trial when the

prosecutor "gathered the admitted evidence for submission to the jury." (Doc. # 60 at 37); (Doc. # 32, Exhibit 66). Petitioner was not, however, present when the exhibits were sent to the jury deliberation room. But that does not matter because there is no case law cited by Petitioner holding that the delivery of evidence to a jury constitutes a "critical stage of the proceedings." In fact, not even the prosecutor presented the evidence to the jury; rather, the bailiff and a court reporter placed the evidence in the jury deliberation room. (Doc. # 60 at 37). Moreover, Petitioner has not alleged, let alone shown, that anything was improperly given to the jury or that any exhibited was omitted. The Court therefore adopts Judge Burke's recommendation and denies Petitioner relief as to Ground Thirteen.

### III.

Petitioner has also objected (Doc. # 62) to Judge Burke's decision (Doc. # 60) to deny his motion (Doc. # 59) requesting limited discovery and an evidentiary hearing on Grounds One, Eight, Ten, Eleven, and Thirteen. Because the Court concludes that Grounds Eight and Ten are procedurally barred, however, it would be futile to allow new evidence on those claims.

As for Grounds One, Eleven, and Thirteen, *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), provides that habeas corpus review under 28 U.S.C. § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 131 S. Ct. at 1398. Thus, a petitioner is left to prove that state-court adjudication resulted in "a decision that was contrary to, or involved an unreasonable application of, established law." *Id.*; *see* 28 U.S.C. § 2254(d)(1).

Petitioner attempts to avoid the *Pinholster* limitation by arguing he is entitled to an evidentiary hearing, citing *Williams v. Mitchell*, 2011 U.S. Dist. LEXIS 108493, at *2 (N.D. Ohio October 27, 2011). (Doc. # 60 at 39). In *Williams*, however, the court construed *Pinholster* to *allow*, but not require, an evidentiary hearing after a reviewing court determines that a petitioner's claim satisfies § 2254(d). *See Williams*, 2011 U.S. Dist. LEXIS 108493, at *2; (Doc. # 60 at 39). Petitioner has not pointed to any evidence he might have elicited at an

-11-

evidentiary hearing that would have been material to his claims.

Because Petitioner has not shown that Judge Burke's denial of his motion was clearly erroneous or contrary to law—as required under Rule 72(a) of the Federal Rules of Civil Procedure when objecting to a magistrate judge's decision on nondispositive matters—the Court overrules his objection.

**IV.**

Accordingly, the Court **OVERRULES** Petitioner's Objections **(Doc. # 62)**, and **ADOPTS** Magistrate Judge Burke's R&R **(Doc. # 60)**. Consequently, the underlying Petition for Writ of Habeas Corpus **(Doc. # 1)** is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan AaronPolster 4/25/12*
**Dan Aaron Polster**
**United States District Judge**